1  Ronald B. Laba, ESQ. SB# 115846
   LAW OFFICES OF RONALD B. LABA
2  510 Escondido Ave., Ste E
   Vista, CA 92084
3  760.439.8969                    E-filing

4  *Attorney for Plaintiff*

5

6           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
7

8                    CV 08 4151

9  Margot Lockwood, individually and on    )  Case No. _____
   behalf of all others similarly situated, )
10                                          )
                Plaintiffs,                 )
11                                          )
        vs.                                 )
12                                          )
   ConAgra Foods, Inc., DOE                 )  CLASS ACTION COMPLAINT FOR
13 CORPORATION, and DOES 1 through          )  VIOLATIONS OF CALIFORNIA BUSINESS
   50, inclusive,                           )  PROFESSIONS CODE §§ 17200, ET SEQ,
14                                          )  17500 *ET SEQ*, AND THE CONSUMERS
                                            )  LEGAL REMEDIES ACT ("CLRA") CIVIL
15              Defendants.                 )  § 1750 *ET SEQ*.
                                            )
16 _____ )  Complaint filed: _____

17

18 Dated: August 28, 2008

19

20                    By _____
                         Ronald B. Laba, ESQ. SB# 115846
21                       LAW OFFICES OF RONALD B. LABA
                         Attorney for Plaintiffs
22

23

24

25

26

27

28
                              1

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

MORGOT LOCKWOOD

## DEFENDANTS

CONAGRA FOODS INC., DOE CORPORATION, AND DOES 1-50, INCLUSIVE

**(b)** County of Residence of First Listed Plaintiff  SAN FRANCISCO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    OMAHA, NEBRASKA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

RONALD B. LABA
LAW OFFICES OF RONALD B LABA
510 ESCONDIDO AVE STE.E
VISTA, CA. 92084   760-439-8969

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☒ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities – Employment<br>☐ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | Transferred from | | | Appeal to District |
|---|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
SAN FRANCISCO OFFICE- NORTHERN DISTRICT
Brief description of cause:
FALSE ADVERTISING OF PRODUCTS

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 5,000,000,000.

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE  8/28/08

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
                                                            Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Ronald B. Laba, ESQ. SB# 115846
LAW OFFICES OF RONALD B. LABA
2850 North Pio Pico, Suite I
Carlsbad, CA 92008
760.439.8969

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Margot Lockwood, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiffs, | |
| vs. | |
| ConAgra Foods, Inc., and DOES 1 through 50, inclusive, | ***CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA BUSINES. AND PROFESSIONS CODE §§ 17200, E SEQ., 17500 ET SEQ, AND THE CONSUMERS LEGAL REMEDIES ACT ("CLRA") CIVIL CODE § 1750 ET SEQ.*** |
| Defendants. | |
| | Complaint filed: _____ |

Dated: July 24, 2008

By _____
Ronald B. Laba, ESQ. SB# 115846
LAW OFFICES OF RONALD B. LABA
Attorney for Plaintiffs

1

### CLASS ACTION COMPLAINT

Plaintiff, by and through undersigned counsel, brings this action both on her own behalf and on behalf of the Class defined below, which is comprised of all other individuals similarly situated within the State of California pursuant to California's Unfair Competition Law, Business and Professions Code § § 17200 *et seq.* ("UCL"), California's False Advertising Law Business and Professions Code § § 17500, *et seq.* ("FAL") and The Consumers Legal Remedies Act Civil Code § 1750, *et seq.* ("CLRA"), against Defendant ConAgra Foods Inc. ("ConAgra" or "Defendant"). Plaintiff asserts that the Defendant engaged in the unfair, unlawful, deceptive and fraudulent practice of describing their "Healthy Choice" pasta sauce products as "100% Natural" "Natural" or "All Natural" (hereinafter referred to, collectively, as "All Natural") when these food products contain the non-natural or artificial ingredient High Fructose Corn Syrup ("HFCS").

### I.    INTRODUCTION

1.    Plaintiff brings this action both on her own behalf and on behalf of the putative Class she seeks to represent to redress Defendant's deceptive, misleading and untrue advertising and unlawful, unfair and fraudulent business acts and practices related to the manufacture, marketing, advertising, sale and distribution of the Defendant's "All Natural" pasta sauce products.

2.    As discussed in detail below, as part of a scheme to make their Healthy Choice pasta sauces more appealing to consumers, boost sales and increase profits, Defendant prominently stated in marketing, advertising, labeling and packaging that their products were  "All Natural."

3.    Defendant's product is labeled with the term "Deliciously All Natural" in prominent lettering on the front of the container. (See Exhibit A.) Furthermore, its website, http://www.healthychoice.com, proclaims its pasta sauces to be "a 100% Natural . . . sauce you can feel good about serving."  (See Exhibit. B.)  A reasonable

consumer would, therefore, be under the impression and belief that the Defendant's pasta sauce products are indeed "All Natural".

4.    Terms, such as "All Natural" are regularly used by manufacturers, such as the Defendant, to induce consumers, such as the Plaintiff and the members of the putative class, into believing that the product being described does not contain chemically altered or man-made ingredients and, therefore, that the product is a more healthy choice than competing products.

5.    By using this "All Natural" marketing strategy, the Defendant is implying that their products are superior to, better, and more nutritious than competing products.

6.    As part of a scheme to make their "Healthy Choice" pasta sauce products more attractive to consumers, boost sales, and ultimately increase profits, Defendant marketed, advertised, labeled and packaged their pasta sauce products in a misleading, deceptive, and untrue advertising manner, which caused Plaintiff and other members of the putative Class to purchase, purchase more of, or pay more for, these "All Natural" products.

7.    Plaintiff and the members of the putative Class would have made different purchasing decisions had they known that the "All Natural" products contained one or more non-natural or artificial ingredient(s), such as High Fructose Corn Syrup, which has in turn caused Plaintiff and the Class to incur millions of dollars in losses.

## II.    *PARTIES*

8.    Plaintiff Margot Lockwood ("Plaintiff" or "Plaintiff Lockwood") is an individual adult resident citizen of San Mateo County, California.

9.    Plaintiff Lockwood is a consumer of the "All Natural" pasta sauce products made the basis of this complaint.

3

Plaintiff Margot Lockwood's
Class Action Complaint

10.   Plaintiff Lockwood has purchased the offending products for her own consumption in San Mateo County, California during the period of time relevant to this action.

11.   Plaintiff is a "consumer" and a "real party in interest" as required to bring this action and as set out in Civil Code § 1780(a).   Moreover, Plaintiff suffered damage and injury as a result of Defendant's conduct as alleged above.

12.   Defendant, ConAgra Foods, Inc, is a Nebraska corporation/company with its principal executive offices located in Omaha, Nebraska.   The Defendant is in the business of producing and marketing food products to the general public throughout the United States and the world, including in this Judicial District.

13.   Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe and based thereon allege that each of said fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries and damages as herein alleged were proximately caused by their acts.

## III.   *JURISDICTION AND VENUE*

14.   The claims made by the Plaintiff on behalf of herself and other members of the putative Class are brought pursuant to the UCL, the FAL and the CLRA for relief including, injunctive relief and restitution well in excess of $5,000,000.00, exclusive of interests and costs.   Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332(d)(2).

15.   This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A), 28 U.S.C. § 1332(a)(1) and 29 U.S.C. § 1367.

Plaintiff Margot Lockwood's
Class Action Complaint

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events, omissions and harm occurred to Plaintiff in San Mateo County.

17.     Plaintiff is a resident citizen of San Diego County, California, and thus a resident citizen of this Judicial District. The affidavit of Plaintiff Lockwood is filed concurrently with this Complaint. (See Exhibit C.)

18.     Defendant markets, sells, and distributes its products in this Judicial District and is therefore, subject to personal jurisdiction in this Judicial District.

## IV     FACTUAL ALLEGATIONS

19.     This action seeks redress for Defendant's deliberate and unlawful mislabeling and misbranding of pasta sauce products as being "All Natural", "Natural" "100% Natural" or similar misrepresentations of ConAgra's "Healthy Choice" pasta sauces which contain one or more non-natural or artificial ingredient, such as High Fructose Corn Syrup ("HFCS").

20.     Defendant ConAgra is a major food producer in the United States. Defendant is in the business of producing and marketing food products to the general public throughout the United States and in many foreign countries.

21.     The label on the "Healthy Choice" pasta sauce products at issue contain the words "Deliciously All Natural" in large letters on the front of the label. However, these products are not "Natural" because they contain one or more non-natural or artificial ingredient(s), including a highly processed and man made sugar substitute known as High Fructose Corn Syrup ("HFCS").

22.     HFCS does not occur naturally. Instead, it is produced by milling corn to produce corn starch, then processing that corn starch to yield corn syrup (which is almost entirely glucose), and then adding enzymes that change the glucose to fructose.  The resulting syrup (after enzyme conversion) contains 90% fructose and is known as HFCS 90.  To make the other common forms of HFCS, the HFCS 90 is

mixed with 100% glucose corn syrup in the appropriate ratios to form the desired HFCS.  HFCS 55 is commonly used to sweeten soft pastas and other processed foods.  The enzyme process which changes the 100% glucose corn syrup into HFCS 90 is complicated and requires at least three steps. First, cornstarch is treated with alpha-amylase to produce shorter chains of sugars called oligosaccharides. Second, glucoamylase breaks the sugar chains down even further to yield the simple sugar glucose.  Third, Xylose isomerase converts glucose to a mixture of about 42% fructose and 50-52% glucose with some other sugars mixed in.

23.    Defendant uses HFCS in their products for a variety of reasons, all of which benefit their monetary interests.  First, HFCS is often cheaper to use than alternative sweeteners due to the relative abundance of corn and the relative lack of sugar beets, as well as farm subsidies and sugar import tariffs in the United States.  Second, HFCS is also easier to blend and transport because it is a liquid.  Third, HFCS usage leads to products with a much longer shelf life.

24.    The complicated process used to create HFCS does not occur in nature. In fact, no HFCS existed before 1957, the year that the process to create it was invented.   Therefore, any product containing HFCS cannot be considered "All Natural", "100% Natural" or "Natural."

25.    Furthermore, the molecules in HFCS (and Defendant's "All Natural" products) were not extracted from natural sources, but instead were created through enzymatically catalyzed chemical reactions in factories.

26.    When one examines the process used to create HFCS, it is obvious why it is misleading to consumers to label products that contain HFCS as "Natural".

27.    Because HFCS is a man-made product that does not occur in Nature, its use in Defendant's products which are labeled "Natural", "All Natural" "100% Natural" or similarly labeled is deceptive and misleading to consumers such as the Plaintiff and the members of the Class that she seeks to represent.

28.    Although Defendant represents to consumers that its products are "All Natural," they are not, because they contain one or more non-natural, man made or artificial ingredient(s).

29.    Defendant does not mention that the "All Natural" pasta sauces contain one or more non-natural or artificial ingredient, including HFCS, except in inconspicuous and hard-to-read type in the "Ingredients" statement on the back of the products.

30.    Defendant is purposefully manipulating the labeling of these products in violation of the UCL, FAL and CLRA.

31.    Plaintiff Lockwood purchased several of the Defendant's "All Natural" pasta sauces during the "Class Period" covered by this complaint.

32.    In making these purchases, Plaintiff was looking for a healthy and natural product.

33.    Plaintiff Lockwood  relied on the representations that the "All Natural" sauce that she purchased was indeed "All Natural." Plaintiff reasonably assumed that this representation indicated that these products contained either ingredients found in nature or ingredients minimally processed from things found in nature. Plaintiff Lockwood did not know that the Defendant's products contained one or more non-natural or artificial ingredient, including HFCS.  Plaintiff does not consider HFCS to be a "natural" ingredient.

34.    Plaintiff Lockwood relied on the labels and advertising created by the Defendant and did not double-check those representations against the ingredient list in small type on the back of the container.

35.    Had Plaintiff not been deceived by the labels on the products she purchased, she would not have purchased these products.

Plaintiff Margot Lockwood's
Class Action Complaint

## V. *CLASS ACTION ALLEGATIONS*

36.    Plaintiff brings this Class Action for California consumers pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff brings this action on behalf of herself and all members of the following Class comprised of:

> *All persons  in California who purchased any of Defendant's pasta sauce products containing High Fructose Corn Syrup, yet  marketed, advertised or labeled as being "All Natural", "Natural" or "100% Natural" during the "Class Period."*

37.    Excluded from the Class are employees and agents of Defendant, the Judge and his/her relatives back to the 2nd degree of affinity, officers and directors of Defendant, and counsel for Plaintiff and the Class.

38.    The "Class Period" is defined as being the four (4) years immediately preceding the filing of this action.

39.    Plaintiff avers that the proposed class is so numerous that joinder of all members is impracticable.  Upon information and belief, Plaintiff alleges that there are tens of thousands of members of the proposed class.

40.    There are many common questions of law and fact involving and affecting the parties to be represented.  These common questions of law or fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

a.    Whether    Defendant    misrepresented    the    ingredients, characteristics or other aspects of their "All Natural" pasta sauce products.

b.    Whether Defendant mislabeled their "All Natural" pasta sauce products.

Plaintiff Margot Lockwood's
Class Action Complaint

c.    Whether Defendant's misrepresentations are unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 *et seq.*;

d.    Whether Defendant's mislabeling of their products constitutes unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 *et seq.*;

e.    Whether Defendant's mislabeling of the products is unlawful, unfair or fraudulent under California Business and Professions Code § 17200, *et seq.*;

f.    Whether Defendant's misrepresentations are unlawful, unfair or fraudulent under California Business and Professions Code § 17200, *et seq.*;

g.    Whether Defendant knew, or by the exercise of reasonable care should have known, that their misrepresentations and mislabeling of their products was untrue or would be misleading to a reasonable consumer;

h.    Whether Defendant knowingly and intentionally concealed from Plaintiff and members of the Class that their "All Natural" pasta sauce products were mislabeled and that the ingredients were misrepresented;

i.    Whether Defendant engaged in unfair and deceptive conduct in Violation of California Civil Code section 1750, *et seq.*

j.    Whether Defendant engaged in unfair and deceptive conduct in violation of California Civil Code section 1770(a)(5) which prohibits:

"Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or

9

quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

k.    Whether Defendant engaged in unfair and deceptive conduct in violation of California Civil Code section 1770(a)(7) which prohibits:

"Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

l.    Whether Plaintiff and other members of the proposed Class have been injured or suffered losses and, if so, the extent of their injury or loss;

m.    Whether Defendant should be enjoined from engaging in the conduct complained of herein; and,

n.    Whether Defendant has been unjustly enriched through the wrongful conduct set forth herein.

41.    Plaintiff's claims as representative of the Class are typical of the claims of the absent Class members. Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation as her counsel.

42.    The prosecution of individual actions by members of the Class would create the risk of: (1) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant; and (2) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

10

Plaintiff Margot Lockwood's
Class Action Complaint

43.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the advertising, marketing and labeling of Defendant's "All Natural" pasta sauce products.

44.    Plaintiff avers that the prerequisites for class action treatment apply to this action and that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversies which are the subject of this action.

45.    Plaintiff further states that the interests of judicial economy will be served by concentrating litigation concerning these claims in this Court, and that the management of the proposed Class will not be difficult.

## VI.    *FIRST CAUSE OF ACTION*

(Business and Professions Code § 17500, *et seq*. - Misleading and Deceptive Advertising)

46.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

47.    Plaintiff asserts this cause of action for violations of California Business and Professions Code §17500, *et seq*. for misleading and deceptive advertising against Defendant.

48.    At all material times, Defendant has engaged in a scheme of offering for sale "All Natural" food products to Plaintiff and other members of the Class by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements, and other promotional materials.  These "All Natural" food products actually contain HFCS, an artificial and man made ingredient.

49.    Said labeling and other inducements were made within the State of California and come within the definition of advertising as contained in Business and

11

Professions Code §17500, *et seq.* in that such promotional materials and product labeling are intended as inducements to purchase the products and are statements disseminated by Defendant to Plaintiff and the members of the Class and are intended to reach these consumers.

50.   Defendant knew, or in the exercise of reasonable care should have known, that these statements would be misleading and deceptive to the reasonable consumer.

51.   In furtherance of said plan and scheme, Defendant has manufactured and distributed within the State of California via the World Wide Web (Internet), product packaging and labeling, commercial advertisements and other promotional materials, statements that falsely advertise the true nature of their "All Natural" pasta sauce.

52.   The "All Natural" pasta sauces contain an artificial man-made sweetener, HFCS.

53.   Consumers, including Plaintiff and the members of the Class, necessarily and reasonably relied on the label and other marketing materials for these products.

54.   Consumers, including Plaintiff and the members of the Class, were among the intended targets of these representations and statements.

55.   The above acts of Defendant, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Class by obfuscating the nature of the ingredients of the "All Natural" pasta sauce,  all in violation of the "misleading prong" of California Business and Professions Code § 17500, *et seq.*

Plaintiff Margot Lockwood's
Class Action Complaint

56.    As a result of the above violations of the misleading prong of Business and Professions Code § 17500, *et seq*., Defendant has been unjustly enriched at the expense of Plaintiff and the other members of the Class.

57.    Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for the "All Natural" pasta sauce as a result of the wrongful conduct of Defendant.

58.    WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class as set forth below.

## VII.    *SECOND CAUSE OF ACTION*

(Business and Professions Code § 17500, *et seq*. - Untrue Advertising)

59.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference therein.

60.    Plaintiff asserts this cause of action for violations of California Business and Professions Code § 17500, et seq. for untrue advertising against Defendant.

61.    At all material times, Defendant has engaged in a scheme of offering for sale "All Natural" pasta sauce products to Plaintiff and the other members of the Class by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements and other promotional materials.

62.    The "All Natural" pasta sauce products contain an artificial man-made sweetener, HFCS.

63.    Consumers, including Plaintiff and the members of the Class, necessarily and reasonably relied on the label and other marketing materials for these products.

13

64.    Consumers, including Plaintiff and the members of the Class, were among the intended targets of these representations and statements.

65.    The above acts of Defendant, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Class by obfuscating the nature of the ingredients of the "All Natural" pasta sauce products, all in violation of the  "untrue" prong of California Business and Professions Code §17500, *et seq*.

66.    Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for the "All Natural" pasta sauce products. as a result of the wrongful conduct of Defendant.

67.    WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

## VIII.    *THIRD CAUSE OF ACTION*

(Business and Professions Code § 17200, *et seq*. - Unlawful Business Acts and Practices)

68.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

69.    Such acts of Defendant, as described above, and each of them, constitute unlawful business acts and practices.

70.    In this regard, manufacturing, marketing, advertising, selling and distributing the "All Natural" pasta sauce products when, in fact, they contain HFCS, is unlawful.

14

71.   The business practices alleged above are unlawful under the Consumers Legal Remedy Act, Cal. Civ. Code §1750, *et seq*. ("CLRA"), which also forbids deceptive advertising, among other things.

72.   The business practices alleged above are unlawful under Business and Professions Code §17200, *et seq*. by virtue of violating Business and Professions Code §17500, *et seq*., which forbids untrue advertising and misleading advertising.

73.   The business practices alleged above are also unlawful as a breach of an express warranty under California Commercial Code § 2313; and, a breach of an implied warranty of fitness for a particular purpose under California Commercial Code § 2315.

74.   As a result of the wrongful business practices described above, Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the products as a result of the wrongful conduct of Defendant.

75.   The above-described unlawful business acts and practices of Defendant, and each of them, present a reasonable likelihood of deception to Plaintiff and members of the Class in that Defendant has systematically perpetrated and continues to perpetrate such acts or practices upon members of the Class by means of misleading advertising and marketing.

76.   WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

## IX.   *FOURTH CAUSE OF ACTION*

(Business and Professions Code § 17200, *et seq*. - Unfair Business Acts and Practices)

15

Plaintiff Margot Lockwood's
Class Action Complaint

77.   Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

78.   Such acts of Defendant, as described above, and each of them, constitute unfair business acts and practices.

79.   Plaintiff, and other members of the Class who purchased any of the "All Natural" pasta sauce products suffered a substantial injury by virtue of buying a product they would not have purchased absent Defendant's unfair advertising, by virtue of buying more of these products they would have absent Defendant's unfair advertising, or by paying more for these products than they would have absent the Defendant's unfair advertising.

80.   There is no benefit to consumers or competition by falsely advertising these products. Indeed, the harm to consumers and to competition is substantial.

81.   Plaintiff and other members of the Class who purchased the "All Natural" pasta sauce products had no way of reasonably knowing that Defendant's products were not "All Natural", as labeled and otherwise advertised.

82.   Thus, these consumers could not have reasonably avoided the injury each of them suffered.

83.   The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and is immoral, unethical, unscrupulous, offends established public policy or is substantially injurious to Plaintiff and other members of the Class.

84.   As a result of the business acts and practices described above, Plaintiff and the members of the Class A, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to

16

Plaintiff Margot Lockwood's
Class Action Complaint

disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the products as a result of the wrongful conduct of Defendant.

85.   WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

## X.   *FIFTH CAUSE OF ACTION*

(Business and Professions Code § 17200, *et seq*. - Fraudulent Business Acts and Practices)

86.   Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

87.   Such acts of Defendant as described above, and each of them, constitute fraudulent business practices under California Business and Professions Code sections § 17200, *et seq*.

88.   As more fully described above, the labeling of the "All Natural" pasta sauce products is likely to deceive reasonable California purchasers, such as the Plaintiff and the members of the Class.

89.   Indeed, Plaintiff and other members of the Class were unquestionably deceived into believing the products they purchased were "All Natural", when in fact, they contained an artificial ingredient, HFCS.

90.   This fraud and deception caused Plaintiff and members of the Class to purchase the products in question, to purchase more of the products than they would have, or to pay more than they would have, had they known the true nature of the products.

91.   As a result of the business acts and practices described above, Plaintiff and the members of the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any

17

money paid for the products at issue as a result of the wrongful conduct of Defendant.

92.    WHEREFORE, Plaintiff prays for relief, for herself and for the members of the Class, as set forth below.

## XI.    SIXTH CAUSE OF ACTION

(California Civil Code § 1750, *et seq.* - The Consumers Legal Remedies Act)

(Injunctive and Declarative Relief Only)

93.    Plaintiff incorporates by reference each preceding paragraph as though Fully set forth at length herein.

94.    Plaintiff brings this action pursuant to California's Consumer Legal Remedies Act ("CLRA") California Civil Code § 1750, et seq.

95.    The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful." At this time, Plaintiff, for herself and on behalf of the members of the Class, seeks only injunctive relief under the CLRA.

96.    By this action, Plaintiff seeks to enjoin the unfair, unlawful, and deceptive acts and conduct of the Defendant as more fully described above.

97.    The "All Natural" pasta sauce products at issue are "goods" as defined by the CLRA in California Civil Code § 1761(a).

98.    Defendant is a "persons" as defined by the CLRA in California Civil Code § 1761 (c).

99.    Plaintiff and members of the Class are "consumers" as defined by the CLRA in California Civil Code § 1761(d).

18

100. The buying of the "All Natural" pasta sauce products by Plaintiff and the members of the Class are "transactions" as defined by California Civil Code § 1761(e).

101. The mislabeling of the "All Natural" pasta sauce products is prohibited pursuant to the CLRA, since they are "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

102. Defendant engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the "All Natural" pasta sauce products" when in fact these products contain HFCS, an artificial ingredient that does not naturally occur.

103. This unfair and deceptive conduct is a violation of California Civil Code § 1770(a)(5), which prohibits "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

104. This unfair and deceptive conduct is also a violation of California Civil Code § 1770(a)(7) which prohibits: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

105. The Defendant's unfair and deceptive acts and conduct have violated, and continue to violate, California's Consumers Legal Remedies Act, Civil Code § 1750, et seq., because they extend to transactions that are intended to result, or have resulted, in the sale or lease of goods or services to consumers, including the Plaintiff and the members of the Class.

106. As a direct and proximate cause of Defendant's unfair and deceptive acts or practices, Plaintiff and the members of the Class have suffered damages in that they purchased misbranded products they would not have bought, purchased

19

more of these products than they would otherwise have bought, or that they paid more for these products than they would have if these products had been honestly advertised and labeled.

107. Plaintiff and the members of the Class seek the following relief under the CLRA for the unfair and deceptive acts and conduct of the Defendant:

        a.    Preliminary and permanent injunctive relief against the Defendant's unfair and deceptive acts and conduct.

108. In addition, on July 23, 2008, Plaintiff served the Defendant by certified mail return receipt requested, with notice and demand to correct, repair, replace or otherwise rectify the unlawful, unfair, false and deceptive practices complained of herein, as required by the CLRA in California Civil Code § 1782.

109. If Defendant fails to do so within thirty (30) days of that demand, Plaintiff will amend this complaint to seek the following relief as allowed under California Civil Code § 1780.

        a.    Actual damages of not less than One Thousand Dollars ($1,000).

        b.    Restitution.

        c.    Punitive damages.

        d.    Costs of the action, and reasonable attorneys' fees, pursuant to California Civil Code § 1780(d).

        e.    Any other relief which the Court deems proper.

## XII. *RELIEF DEMANDED*

A.    An Order certifying that the action be maintained as a Class Action, and that the Plaintiff may serve as representative of the Class;

B.    For a preliminary and permanent injunction enjoining Defendant from advertising, representing, or otherwise holding out for sale within the State of

Plaintiff Margot Lockwood's
Class Action Complaint

California, any products which contain HFCS as being "All Natural", "100% Natural" or "Natural";

C.     An Order requiring Defendant to provide a form of corrective advertising designed to correct the misrepresentations, misstatements and omissions made in the marketing, advertising, packaging and other promotional materials related to their "All Natural" pasta sauce products;

E.     For a judgment of the Court to restore, by way of restitution, refund or reimbursement, to any person in interest, any money acquired by means of Defendant's untrue, deceptive or misleading advertising and/or unfair, unlawful or fraudulent business acts and practices described herein;

F.     Disgorgement of the excessive and ill-gotten monies obtained by Defendant as a result of the untrue and misleading advertising and unlawful, unfair or fraudulent business acts and practices described herein;

G.     For an award of attorney fees pursuant to, *inter alia*, Code of Civil Procedure §§ 1021.5 and 1032;

H.     For costs of suit herein incurred pursuant to Code of Civil Procedure § 1033.5;

I.     Pre and post-judgment interest; and/or

J.     For such other and further relief as this Court deems appropriate or which is allowed for in law or equity.

Dated:        July 24, 2008                    *LAW OFFICES OF RONALD B. LABA*

By_____

Ronald B. Laba (SBN 115846)

2850 North Pio Pico, Suite I

Carlsbad, CA  92008

760.439.8969

21

1

2   ***MATTHEWS AND ASSOCIATES***

3   David P. Matthews  (*pro hac* to be filed)

4   Julie L. Rhoades  (*pro hac* to be filed)

5   2905 Sackett St.

6   Houston, Texas  77098

7   713.222.8080

8

9   ***LAW OFFICE OF ANNA DEAN FARMER, P.C.***

10   Anna Dean Farmer (*pro hac* to be filed)

11   440 Louisiana, Suite 900

12   Houston, Texas  77002

13   713.965.0095

14

15   ***THE GILBERT LAW FIRM***

16   Christopher K. Gilbert (*pro hac* to be filed)

17   2223 Cheshire Lane

18   Houston, Texas  77018

19   832.541.3747

20

21

22

23

24

25

26

27

28

Plaintiff Margot Lockwood's
Class Action Complaint

# EXHIBIT
# A



# EXHIBIT B



### Healthy Choice pasta sauce

- **Garlic & Herb**
- **Traditional Pasta Sauce**

Site Search:

About Healthy Choice | Contact Us | My Profile
Privacy Policy | Legal Policy | Where to Buy

A proud sponsor of
American Heart Association
Learn and Live.

ConAgra Foods
©ConAgra Foods, Inc. All Rights Reserved.

Weight Watchers® and POINTS® are registered trademarks of Weight Watchers International, Inc. The number of POINTS provided here was calculated by ConAgra Foods based on published Weight Watchers International, Inc. information and does not imply sponsorship or endorsement of such number of POINTS or of Healthy Choice® products by Weight Watchers International, Inc.

Innovation Kitchen Tip of the Day from "Brilliant Food Tips and Cooking Tricks" by David Joachim, published by Rodale Books. ©2001 by Rodale Inc.

Garlic

http://www.healthychoice.com/products/ew_product_detail.jsp?m=pr...



**HEALTHY CHOICE.**

home | products | recipes | tools | articles | message boards | START MAKING CHOICES | innovation KITCHEN

- Healthy Choice news
- meals
- pizzas
- panini & soups
- frozen novelties
- bread
- pasta sauces
- where to buy
- Watch the Healthy Choice Video Series

### product information

**Pasta Sauces - Garlic & Herb**

Healthy Choice Garlic & Herb Pasta Sauce is 100% natural with the rich taste of plump, vine-ripened tomatoes, robust garlic and flavorful herbs and spices. Unlike other leading sauces, this Healthy Choice Pasta Sauce has no added oil or fat.

**Where can I buy this product?** →

---

### Nutritional Information

🖨 print this page

Serving size: 1/2 c (126 g )

Calories: 60
Calories from fat: 0

**Amount/Serving %DV***
Total Fat (0 g) 0 %
Saturated Fat (0 g) 0 %
Trans Fat (0g) 0%
Cholesterol (0 mg) 0 %
Sodium (370 mg) 15 %
Vitamin A 6 %
Calcium 2 %

**Amount/Serving %DV***
Total Carbohydrates (12 g) 4 %
Dietary Fiber (3 g) 12 %
Sugar (7 g)
Protein (2 g)
Vitamin C 15 %
Iron 6 %

---

**Diet Exchanges Per Serving**
Very Lean Meat --
Lean Meat --
Starch --
Carbohydrate --

**Diet Exchanges Per Serving**
Vegetable (2)
Fruit --
Milk --
Fat --

**Weight Watcher Points:** 1
**Contains:** soy

*Daily Value. Percent daily values are based on a 2,000 calorie diet. Your daily values may be higher or lower depending on your calorie needs.*

---

Site Search: [＿＿＿＿＿] →

A proud sponsor of

start American Heart Association Learn and Live.

ConAgra Foods
©ConAgra Foods, Inc. All Rights Reserved.

About Healthy Choice | Contact Us | My Profile
Privacy Policy | Legal Policy | Where to Buy

Weight Watchers® and POINTS® are registered trademarks of Weight Watchers International, Inc. The number of POINTS provided here was calculated by ConAgra Foods based on published Weight Watchers International, Inc. information and does not imply sponsorship or endorsement of such number of POINTS or of Healthy Choice® products by Weight Watchers International, Inc.

Innovation Kitchen Tip of the Day from "Brilliant Food Tips and Cooking Tricks" by David Joachim, published by Rodale Books. ©2001 by Rodale Inc.

1 of 1

7/23/2008 1:25 PM

Traditional Pasta Sauce

http://www.healthychoice.com/products/ew_product_detail.jsp?m=pr...



## HEALTHY CHOICE

home | products | recipes | tools | articles | message boards | START MAKING CHOICES | THE innovation KITCHEN

- Healthy Choice news
- meals
- pizzas
- panini & soups
- frozen novelties
- bread
- pasta sauces
- where to buy
- Watch the Healthy Choice Video Series

## product information

### Pasta Sauces - Traditional Pasta Sauce

Healthy Choice Traditional Pasta Sauce is 100% natural with the rich taste of plump tomatoes, vine-ripened tomatoes and flavorful herbs and spices. Healthy Choice Pasta Sauce, unlike other leading sauces, has no added oil or fat.

**Where can I buy this product?**

## Nutritional Information                         🖶 print this page

Serving size: 1/2 c (126 g )

Calories: 60
Calories from fat: 0

**Amount/Serving %DV***
Total Fat (0 g) 0 %
Saturated Fat (0 g) 0 %
Trans Fat (0g) 0%
Cholesterol (0 mg) 0 %
Sodium (400 mg) 17 %
Vitamin A 6 %
Calcium 2 %

**Amount/Serving %DV***
Total Carbohydrates (13 g) 4 %
Dietary Fiber (3 g) 12 %
Sugar (8 g)
Protein (2 g)
Vitamin C 20 %
Iron 4 %

**Diet Exchanges Per Serving**
Very Lean Meat --
Lean Meat --
Starch --
Carbohydrate --

**Diet Exchanges Per Serving**
Vegetable (2)
Fruit --
Milk --
Fat --

**Weight Watcher Points:** 1
**Contains:** soy

*Daily Value. Percent daily values are based on a 2,000 calorie diet. Your daily values may be higher or lower depending on your calorie needs.

Site Search: [        ] →

A proud sponsor of
start! American Heart Association Learn and Live.

ConAgra Foods
©ConAgra Foods, Inc. All Rights Reserved.

About Healthy Choice | Contact Us | My Profile
Privacy Policy | Legal Policy | Where to Buy

Weight Watchers® and POINTS® are registered trademarks of Weight Watchers International, Inc. The number of POINTS provided here was calculated by ConAgra Foods based on published Weight Watchers International, Inc. Information and does not imply sponsorship or endorsement of such number of POINTS or of Healthy Choice® products by Weight Watchers International, Inc.

Innovation Kitchen Tip of the Day from "Brilliant Food Tips and Cooking Tricks" by David Joachim, published by Rodale Books. ©2001 by Rodale Inc.

# EXHIBIT
# C

## AFFIDAVIT OF MARGOT LOCKWOOD

Before me, the undersigned authority, personally appeared Margot Lockwood who, after being first duly sworn by me, deposes and states under oath that he has personal knowledge of the following:

1.     At all time relevant to these proceedings my residence has been and continues to be the following:

Margot Lockwood
60 Corto Lane
Woodside, CA  94062

2.     I purchased the products at issue in San Mateo County.

3.     I am the Plaintiff in Lockwood v. ConAgra Foods, Inc., which is being filed concurrently with this affidavit, in the United States District Court for the Northern District of California.

FURTHER AFFIANT SAITH NOT.

_____
AFFIANT – Margot Lockwood

STATE OF _____ )
COUNTY OF _____ )

SWORN TO AND SUBSCRIBED before me this 24th day of June_____, 2008.

_____
Notary Public

My Commission expires: 3l7l08_____.

M. LUDERS
Commission # 1554974
Notary Public - California
San Mateo County
My Comm. Expires Mar 17, 2009