QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Christopher Tayback (Bar No. 145532)
christayback@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant
ConAgra Foods, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Margot Lockwood, Individually and on behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>vs.<br><br>ConAgra Foods, Inc., DOE Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: CV 08 4151(CRB)<br><br>CLASS ACTION<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: February 27, 2009<br>Time: 8:30 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Hon. Charles R. Breyer |

Plaintiff Margot Lockwood ("Plaintiff") and Defendant ConAgra Foods, Inc. ("ConAgra") hereby provide this Rule 26(f) Report pursuant to Federal Rules of Civil Procedure 26 and Local Civil Rule 26. Pursuant to Fed R. Civ. Proc. 26(f) and the Court's Order dated November 25, 2008, the parties met and conferred on February 11, 2009 regarding the matters set forth herein.

## I. BRIEF SYNOPSIS OF THE CASE

In this putative class action, Plaintiff seeks injunctive relief, declaratory relief, restitution, punitive damages, attorneys' fees and costs on behalf of "[a]ll persons in California who purchased any of Defendant's pasta sauce products containing high fructose corn syrup, yet marketing, advertised or labeled as being 'All Natural', 'Natural' or '100% Natural' during the 'Class Period.'" Complaint ¶ 8. Plaintiff alleges that ConAgra mislabeled its Healthy Choice pasta sauce as natural when it contained high fructose corn syrup. Plaintiff asserts that such allegations are actionable under California Business and Professions Code § 17200 (unfair, unlawful and fraudulent business practices) § 17500 (false advertising), and the Consumer Legal Remedies Act.

ConAgra filed its Motion to Dismiss on November 21, 2008 asserting, among other things, that Plaintiff's claims are preempted by the Federal Food Drug & Cosmetic Act, that Plaintiff's claims should be referred to the FDA under the primary jurisdiction doctrine, and that Plaintiff's class action allegations should be stricken. Plaintiff filed her Opposition to ConAgra's Motion to Dismiss on January 2, 2009 and ConAgra filed its Reply brief on January 9, 2009. The hearing on ConAgra's Motion to Dismiss was held on January 23, 2009 at which Plaintiff proffered additional authorities. As directed by the Court, ConAgra filed its Response to Plaintiff's Supplemental Authority on January 29, 2009. By Order dated February 3, 2009, the Court denied ConAgra's Motion to Dismiss.

Pursuant to the parties' stipulation and the Court's order dated February 12, 2009, ConAgra's Answer to Plaintiff's Class Action Complaint is due on February 27, 2009.

## II. MATTERS TO BE ADDRESSED PURSUANT TO FRCP, RULE 26(F)

The parties set forth below their positions on the Rule 26(f) conference issues.

### A. Rule 26(a) disclosures

Pursuant to the parties' stipulation and the Court's Order dated November 25, 2008, the parties exchanged Rule 26(a) disclosures on February 20, 2009.

### B. Subjects for Discovery

Defendant anticipates that fact discovery will be needed to ascertain the propriety of this case proceeding as a class action. Plaintiff anticipates that fact discovery is needed as it relates to class certification and to ascertain a good-faith valuation of damages claimed and other relief sought.

The parties remain uncertain about whether expert discovery will be required, but nonetheless have incorporated expert discovery deadlines into the proposed schedule set forth in section III, *infra*, in the event that such discovery is necessary. The parties do not believe that discovery needs to be conducted in phases.

### C. Electronically Stored Information

The parties agree to take reasonable, good-faith steps to preserve potentially relevant electronically stored information, as required under the Federal Rules of Civil Procedure. The parties further agree that electronically stored information shall be produced either in hard copy format or as PDF images of the documents.

### D. Privilege and Protection Issues

To the extent that any documents produced in this litigation may contain information that is highly confidential or proprietary in nature, the parties agree to stipulate to a suitable protective order.

The parties agree to provide one another with privilege logs under Fed. R. Civ. Pro. 26(b)(5)(A)(ii) for all documents withheld on the grounds of any privilege. Plaintiff asserts that privilege logs must contain documents generated or created after the filing of plaintiff's Class Action Complaint on September 2, 2008. Defendant asserts that privileged or otherwise protected documents created or generated after the filing of the Complaint need not be logged. To the extent that this issue arises during the course of discovery, the parties have agreed to further meet and confer.

### E. Proposed Modification of Discovery Rules

The parties propose that the discovery limits of the Federal Rules of Civil Procedure be observed with respect to all discovery. Due to the early stage of the case, the parties are unable to commit to a time limit regarding the duration of expert depositions, but contemplate that a limit of seven hours per side per deposition of each expert will be sufficient. The parties further agree that depositions of experts shall not count against the ten-deposition limit contained in Fed. R. Civ. Pro. 30. If any party wishes to further modify this limitation, the parties agree that they shall attempt to stipulate to any such modification or seek relief from the Court if a stipulation cannot be reached.

## III. Proposed Discovery Schedule

The parties' proposed discovery schedule is set forth below. Both parties currently anticipate conducting depositions and written discovery. The parties are providing for expert discovery in the event that they determine their claims or defenses require expert opinion, however, they have not made this determination as of yet.

| Event | Proposed Dates | Court Ordered Dates |
|---|---|---|
| Initial Disclosures | February 20, 2009 | February 20, 2009 |
| Last day to add parties by noticed motion | May 29, 2009 | |
| Opening expert reports due | December 18, 2009 | |
| Rebuttal expert reports due | January 22, 2010 | |
| Fact discovery cut-off | March 5, 2010 | |
| Expert discovery cut-off | March 5, 2010 | |

| Event | Proposed Dates | Court Ordered Dates |
|---|---|---|
| Last day to file discovery motions | March 19, 2010 | |

If either Plaintiff or ConAgra believes that additional time is required to complete fact discovery or expert discovery, then the parties shall meet and confer and a request for more time shall be made to the Court.

IV. **Settlement**

The parties have engaged in informal settlement discussions. Prospects of settlement are unknown at this time. The parties have a call scheduled with a member of the ADR Legal Staff on February 25, 2009 at 9:30 a.m.

DATED: February 20, 2009          Respectfully submitted,

                                  QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP


                                  By_____
                                     Christopher Tayback
                                     Quinn Emanuel Urqhart Oliver & Hedges, LLP
                                     Attorneys for Defendant ConAgra Foods, Inc.

DATED: February 20, 2009          Respectfully submitted,

                                  THE GILBERT LAW FIRM


                                  By_____
                                     Christopher K. Gilbert (*pro hac vice*)
                                     Attorney for Plaintiff Margot Lockwood